**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6852**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON SHANE GRAVATT, a/k/a Brandy, a/k/a B,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Cameron McGowan Currie, Senior District Judge.  (5:01-cr-00736-CMC-1)

Argued:  January 31, 2020                           Decided:  March 23, 2020

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by published opinion.  Judge Quattlebaum wrote the opinion in which Judge Keenan and Judge Harris joined.

**ARGUED:**  Parks Nolan Small, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Robert Frank Daley, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

QUATTLEBAUM, Circuit Judge:

This appeal involves the First Step Act of 2018[1] (the "Act"), legislation designed to address the disparity between sentences for cocaine base (also known as "crack" cocaine) and sentences for powder cocaine offenses. The question presented to us is whether a conspiracy that involves the distribution of 50 or more grams of crack cocaine, which is a "covered offense" under the Act because the penalties for it were modified by the Fair Sentencing Act, remains a covered offense if the conspiracy also charges distribution of powder cocaine, the penalties for which were not modified. Concluding that it does, we vacate the district court's order and remand for proceedings consistent herewith.

I.

We begin with some background on the Act and discussion of its pertinent provisions. To do this, we go back eight years before the Act's effective date to the Fair Sentencing Act. "Congress enacted the Fair Sentencing Act of 2010. . . in response to extensive criticism about the disparity in sentences between crack cocaine offenses and powder cocaine offenses." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for

_____

[1] We have occasion to discuss the First Step Act of 2018, Pub. L. No. 115-391, § 404 (a), 132 Stat. 5194, 5222 (2018) and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Confusingly enough, both are similarly titled and often share the same acronym. We will refer to the First Step Act of 2018 in this opinion as "the First Step Act" or "the Act," and the Fair Sentencing Act of 2010, as the "Fair Sentencing Act," for the sake of clarity.

crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). It left the statutory minimum sentences for powder cocaine untouched. *Id.*; *Black*, 737 F.3d at 282. These changes lowered the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1. *Dorsey*, 567 U.S. at 269. As a result, the sentencing disparity between crack cocaine offenses and powder cocaine offenses was reduced.

The Fair Sentencing Act also directed the United States Sentencing Commission (the "Sentencing Commission") to conform the Sentencing Guidelines to the new statutory minimums as soon as possible. In response, the Sentencing Commission promulgated amendments to the Guidelines which could be applied retroactively. *Black*, 737 F.3d at 282. But the Guidelines amendments could not retroactively alter statutory minimum terms of imprisonment when the Fair Sentencing Act did not apply its changes retroactively. Therefore, disparities between sentences for crack cocaine offenses and powder cocaine offenses remained for defendants sentenced before August 3, 2010, the effective date of the Fair Sentencing Act. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

To address that disparity, Congress enacted the First Step Act of 2018, which made the provisions of the Fair Sentencing Act retroactive to cases where the sentence was imposed before August 3, 2010. *See United States v. Charles*, 932 F.3d 153, 162 (4th Cir. 2019). We highlight the three parts of the Act relevant to this appeal.

First, Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018). As described below, the existence of a "covered offense" is a threshold requirement under the Act.

Second, Section 404(b) describes what happens in the event a defendant was sentenced on a covered offense. It indicates that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b). This section indicates that if a motion is made and the defendant's sentence involves a covered offense the court may, but is not required to, grant the statutory relief.

Third, Section 404(c) contains two express limitations on the application of Section 404(b). In other words, even if a sentence involves a covered offense, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." § 404(c).

Section 404(c) also clarifies that the district court has discretion in determining whether relief under the Act is appropriate. Building on the "may" language in Section 404(b), this section provides that "nothing in the section is to be construed to require a court to reduce any sentence" under the Act. § 404(c).

4

## II.

With that background in mind, we turn to the factual and procedural history of Brandon Gravatt's case. In 2001, Gravatt was indicted for, among other things, conspiracy to possess with intent to distribute and to distribute (1) 5 kilograms or more of powder cocaine and (2) 50 grams or more of crack cocaine. Gravatt pled guilty under a written agreement to the dual-object drug conspiracy charge under 21 U.S.C. § 846.

Because of the nature of the conspiracy charge, the penalties for each object of the conspiracy are relevant. At the time of Gravatt's sentencing, in May 2003, a conviction of possession with intent to distribute 50 or more grams of crack cocaine carried a minimum term of imprisonment of ten years and a maximum term of life pursuant to 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846. Similarly, the conviction for possession with intent to distribute 5 kilograms or more of powder cocaine also carried a minimum term of imprisonment of 10 years and a maximum term of life. In light of his total offense level of 39, criminal history category of II and the relevant statutory provisions, the district court calculated Gravatt's advisory guideline range to be 292 to 365 months of imprisonment. The district court sentenced Gravatt to 292 months in prison and 5 years of supervised release.

In 2014, the Sentencing Commission issued Amendment 782 to the Guidelines. This amendment reduced the Guidelines' base offense levels for a number of drug offenses. *See* USSG App. C, Amdt. 782 (Supp. Nov. 2012–Nov. 2016); *Hughes v. United States*, 138 S. Ct. 1765 (2018). In response, Gravatt moved to modify his sentence. In October 2015, the district court calculated Gravatt's revised guideline range of imprisonment to be 235 to 293

5

months. It then reduced Gravatt's term of imprisonment to 260 months with 5 years of supervised release. (J.A. 50-51.)

Soon after the Act was passed, Gravatt again moved to reduce his sentence, this time under the Act. The district court denied Gravatt's motion, concluding that "Defendant is not eligible for relief under the First Step Act." (J.A. 67.) It noted that the "record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute 50 grams or more of cocaine base." (J.A. 69.) But it explained that "[b]ecause he also admitted guilt to conspiracy to distribute 5 kilograms or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty on the cocaine base offense." (J.A. 70.) Thus, the district court denied the motion because the crack cocaine aspect of the dual-object conspiracy ultimately had no effect on his statutory penalty range. Gravatt faced the same statutory penalty range for having conspired to possess with intent to distribute and to distribute 5 or more kilograms of powder cocaine, the penalties for which were not modified by the Fair Sentencing Act and which independently supported his sentence.

III.

Gravatt filed a timely notice of appeal. This Court has jurisdiction to review this matter under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. As we are presented with a question of statutory interpretation, we review the district court's decision de novo. *See United States v. Segers*, 271 F.3d 181, 183 (4th Cir. 2001); *see also United States v. Allen*, 716 F.3d 98, 106 (4th Cir. 2013) ("Whether the new threshold amount announced in the Fair Sentencing Act applied to [the defendant] is a question of law which we decide de novo.")

6

## IV.

Gravatt's appeal requires us to again consider the Act's threshold requirement of a "covered offense" and the contours of the district court's discretion in granting or denying a motion made under the Act on the merits. Since the Act's effective date, district courts have grappled with these issues. And we appreciate the challenges facing district courts in attempting to resolve these issues in the face of the voluminous filings that have followed the Act's passage, the varying degrees of records readily available to review sentences determined many years ago and the Act's limited guidance. We hope this decision provides additional guidance.

The question presented here is narrow—has Gravatt presented a "covered offense" under Section 404(a) of the Act where the offense of conviction is a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced and independently support Gravatt's sentence? Gravatt argues that he has, contending crack cocaine does not have to be the exclusive drug named in a count of the indictment to make it a qualifying "covered offense." Thus, he maintains the district court erred in determining he was not even eligible for relief under the Act. In contrast, the government insists the district court was correct in concluding that Gravatt was not eligible for a sentence reduction under the Act.

While we face a question of first impression in this Court, we do not work from a blank slate. Initially, we address the concept of "eligibility" utilized by the district court. We addressed that phrase in our recent cases, starting with *United States v. Wirsing*, 943

7

F.3d 175 (4th Cir. 2019). At the outset, we acknowledge that the term "eligibility" is not included in the Act. But in *Wirsing*, we clarified that "eligibility" depends on the existence of a "covered offense." *See Wirsing*, 943 F.3d at 185. Under the Act, there is no eligibility requirement beyond the threshold question of whether there is a "covered offense."

We then noted that a "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* at 180. (quoting § 404(a)). And we concluded that there is no indication that Congress intended a "complicated and eligibility-limiting determination" at the "covered offense" stage of the analysis. *Id.* at 186. We held that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." *Id.* Of course, that does not mean the defendant is entitled to relief under the Act. It only means that his motion is entitled to be considered on the merits. *Id.*; *see also United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019)(holding that the defendant's original drug conviction under 21 U.S.C. § 841(a) fell within the Act's definition of "covered offense," meaning that so long as he is serving any part of his sentence for that offense, he is entitled to seek relief under the Act.)[2]

---

[2] Our reading of "covered offense" is consistent with the manner in which other circuits who have considered the question have ruled. For example, recently in *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019), the Fifth Circuit concluded "that whether a defendant has a 'covered offense' under Section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose (Continued)

Guided by this precedent, we turn to Section 404(a)'s threshold question of whether Gravatt is serving a sentence for a "covered offense."[3] Here, Gravatt pled guilty to knowingly and willfully conspiring with others to unlawfully possess with intent to distribute and to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (b)(1)(A)(ii), all of which, the indictment and plea provided, violated 21 U.S.C. § 846.[4] Under 21 U.S.C. § 846, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. Conspiracy under § 846 does not proscribe the possession or distribution of particular drugs by itself but rather must be charged in conjunction with other statutory provisions, in this case, §§ 841(a)(1) and 841(b)(1)(A). *Id.* Specifically, the penalties for these offenses are found in § 841(b)(1)(A)(ii), for 5 kilograms or more of powder cocaine and § 841(b)(1)(A)(iii) for 50 grams or more of crack cocaine. Thus, we must look at these statutory provisions in order to determine whether Gravatt has a covered offense.

---

penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Id.* (emphasis in original); *see also United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019)("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . ."); *United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019) (per curiam).

[3] We recognize that the district court did not have the benefit of *Wirsing* or *Venable* at the time it reviewed Gravatt's First Step Act motion.

[4] Section 841(a) declares that it is unlawful for any person knowingly or intentionally "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

To repeat, a covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ." § 404(a). Relevant here, section 2 of the Fair Sentencing Act modified penalties for crack cocaine offenses by increasing the threshold drug quantities required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b). Thus, 21 U.S.C. § 841(b)(1)(B)(iii), was amended from requiring 5 grams or more of crack cocaine to 28 grams or more, to have a sentencing range of a 5-year minimum to a 40-year maximum. Section 841(b)(1)(A)(iii) was amended from requiring 50 grams or more of crack cocaine to 280 grams or more, to trigger a sentencing range of a ten-year minimum to a maximum of life. Consequently, there is no question that if Gravatt's sentence involved only possession with intent to distribute 50 or more grams of crack cocaine, it would qualify as a covered offense under the Act.

But Gravatt's sentence also includes conspiracy to possess with intent to distribute 5 kilograms of powder cocaine. And importantly, the Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) regarding powder cocaine. Thus, an offense for possession with intent to distribute powder cocaine is plainly not a covered offense under the Act. Moreover, Gravatt's current sentence of 260 months falls within the statutory base penalty of ten years to life imprisonment required for the powder cocaine offense. Accordingly, we must decide whether Gravatt was convicted of a "covered offense" where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine. We believe that he has.

10

First, we see nothing in the text of the Act requiring that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act. Repeating our holding in *Wirsing*, "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." *Wirsing*, 943 F.3d at 186. Gravatt meets these basic criteria.

Second, the government's position would, in effect, impose an additional limitation to the Act's applicability. The Act sets forth the express limitations for its application in Section 404(c). If Congress intended for the Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not. We decline to expand the limitations crafted by Congress.[5]

Because Gravatt's sentence involved a covered offense under Section 404(a) and Section 404(c)'s limitations do not apply, the district court should have reviewed Gravatt's motion on the merits, applying its discretion under Sections 404(b) and (c). Our reading of the district court's decision is that it did not do so. Accordingly, we vacate and remand. But our decision today only requires that Gravatt's sentence receive a substantive review. It should not be construed as expressing any view on how the district court should rule. Nor do we suggest the factors considered by the district court in its eligibility analysis may

---

[5] Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.

11

not be considered in evaluating Gravatt's motion on the merits. It is for the district court, in its discretion, to consider whether Gravatt is entitled to relief.

V.

For the reasons set forth above, we vacate and remand to the district court for proceedings consistent with this opinion.

*VACATED AND REMANDED*