**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7156**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

ERROL WINTER, a/k/a Smiley, a/k/a Tony Tubbs,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:93-cr-00090-RBS-1)

Submitted:  April 23, 2020                                                        Decided:  April 29, 2020

Before GREGORY, Chief Judge, and WILKINSON and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Errol Winter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Errol Winter appeals the district court's order denying his motion to reduce his sentence under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. Winter was convicted in 1994 of conspiracy to distribute and to possess with intent to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of crack cocaine; eight substantive counts of possession and possession with intent to distribute cocaine; and one count of use of a firearm during a drug trafficking crime. He was sentenced to life imprisonment on Count 1, concurrent 240-month and 480-month sentences on the other drug counts, and a consecutive 60-month sentence on the § 924(c) count. This court affirmed. *United States v. Wood*, 56 F.3d 63 (4th Cir. 1995) (unpublished).

In 2019, Winter moved for a reduction of sentence pursuant to the First Step Act. The district court denied the motion concluding that Count 1 was not a "covered offense" within the meaning of the First Step Act because Winter was convicted of conspiring to distribute both crack cocaine and powder cocaine and the statutory penalties for powder cocaine offenses were unchanged. We vacate and remand.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." § 404(b). "Section 404(a) defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010,

2

that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). Section 404(c) contains limitations on the application of § 404(b) and "provides that 'nothing in the section is to be construed to require a court to reduce any sentence.'" *Id.* (quoting § 404(c)). When the district court considered Winter's First Step Act motion, it did not have the benefit of our recent decision in *Gravatt* where we held that a defendant convicted of conspiracy to possess with intent to distribute crack cocaine and powder cocaine was convicted of a covered offense under the First Step Act. *Id.* at 264. Thus, Winter is eligible for a reduced sentence on Count 1. Accordingly, we must vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*