**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6773**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER FRANK LANDRUM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:06-cr-01148-HMH-1)

Submitted:  May 22, 2020                          Decided:  June 15, 2020

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher Frank Landrum, Appellant Pro Se.  Robert Frank Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Frank Landrum appeals the district court's order denying his motion for a sentence reduction pursuant to the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194. Landrum was indicted and pled guilty to one count of conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). The district court concluded that Landrum was not eligible for relief under the First Step Act because the crack cocaine aspect of his dual-object conspiracy conviction was unaffected by the Act and independently supported his sentence. We vacate and remand for further proceedings.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law, 111-220; 124 Stat. 2372), were in effect at the time the covered offense was committed." First Step Act § 404(b). "Section 404(a) defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). Section 404(c) contains limitations on the application of § 404(b) and "provides that 'nothing in the section is to be construed to require a court to reduce any sentence.'" *Id*. at 261 (quoting § 404(c)).

When the district court considered Landrum's First Step Act motion, it did not have the benefit of our recent decision in *Gravatt*, where we held that a defendant convicted of

2

a dual-offense conspiracy to possess with intent to distribute crack cocaine and powder cocaine was convicted of a covered offense under the FSA. *Id*. at 264. Under *Gravatt*, Landrum is eligible to have his First Step Act motion reviewed on the merits. Accordingly, we vacate the district court's order and grant Landrum's motion to remand for further proceedings. "[O]ur decision . . . only requires that [Landrum's] sentence receive a substantive review." *Id.* We express no view as to "how the district court should rule." *Id.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*