**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6333**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYSHAWN LEWMAR SAWYERS, a/k/a Lightbread,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:10-cr-00003-JLK-1)

Submitted:  June 18, 2020                    Decided:  June 26, 2020

Before GREGORY, Chief Judge, and WILKINSON and NIEMEYER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayshawn Lewmar Sawyers appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court, using a form for ruling on motions filed under 18 U.S.C. § 3582(c)(2) (2018), held that Sawyers could not receive a reduction because the First Step Act did not affect Sawyers' Sentencing Guidelines range.

After the district court decided the case, we held that 18 U.S.C. § 3582(c)(1) (2018) is the proper vehicle for motions brought under the First Step Act, and that a defendant's eligibility for a reduction does not depend on lowering of his Guidelines range. *United States v. Wirsing*, 943 F.3d 175, 183-85 (4th Cir. 2019). Moreover, based on his relevant offense of conviction, Sawyers is eligible to request relief under the First Step Act. *See Wirsing*, 943 F.3d at 186 (4th Cir. 2019) ("All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) [(2018)], and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act."). It does not matter, for purposes of his eligibility, that Sawyers' offense involved charged quantities of other drugs besides crack cocaine that would trigger the same statutory penalty range he faced when he was sentenced. *See United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020).

Accordingly, we vacate the district court's order and grant Sawyers' motion to remand so that the district court may consider whether to exercise its discretion to grant Sawyers' motion. *See Gravatt*, 953 F.3d at 261, 264; *Wirsing*, 943 F.3d at 180, 186. On remand, the district court should also consider whether Sawyers is entitled to counsel under

2

the district court's standing order regarding appointment of counsel in cases under the First Step Act. We deny as moot Sawyers' motion to place the appeal in abeyance for *Gravatt*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*