**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6705**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDWARD CHESTNUT, a/k/a Snoop, a/k/a Ray,

Defendant - Appellant.

**No. 19-7187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDWARD CHESTNUT, a/k/a Snoop, a/k/a Ray,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:05-cr-01044-RBH-1)

Submitted:  October 8, 2020                    Decided:  October 15, 2020

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Raymond Edward Chestnut, Appellant Pro Se. Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Edward Chestnut appeals the district court's orders granting in part and denying in part Chestnut's motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and denying his motion for reconsideration.[1] We affirm in part, vacate in part, and remand.

The district court concluded that Chestnut was eligible for First Step Act relief and reduced Chestnut's supervised release term from 10 years to 8 years. See 21 U.S.C. §§ 841(b)(1)(B), 851. We find no reversible error in the district court's reduction of Chestnut's term of supervised release. Accordingly, we affirm the reduction of Chestnut's term of supervised release.

After considering the 18 U.S.C. § 3553(a) sentencing factors, taking into account the seriousness of Chestnut's crimes of conviction and his ongoing disciplinary problems, and the fact that Chestnut's sentence was already significantly below the established advisory Sentencing Guidelines range, the court declined to reduce Chestnut's prison term. In so doing, the court did not reevaluate any of the original sentencing determinations, such as Chestnut's career offender designation, concluding that such considerations fell outside the scope of a First Step Act resentencing.

We recently held in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), "that any Guidelines errors deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We further held that "the § 3553(a) sentencing factors apply in

_____

[1] Chestnut also appeals the amended criminal judgment.

3

the [First Step Act] § 404(b) resentencing context," and that a court "may consider post-sentencing conduct." *Id.* at 674. While the district court appropriately considered the § 3553(a) factors and Chestnut's postsentencing conduct, the court, which did not have the benefit of our decision in *Chambers*, misapprehended its authority to consider Chestnut's career offender designation.

Accordingly, although we affirm the district court's order to the extent that it granted First Step Act relief and reduced Chestnut's term of supervised release, we vacate the district court's denial of a reduction of Chestnut's term of incarceration and remand for further proceedings in light of *Chambers*.[2] We express no opinion as to the merits of Chestnut's claims. *See United States v. Gravatt*, 953 F.3d 258, 261 (4th Cir. 2020) (recognizing that First Step Act does not require a court to reduce a sentence). We deny Chestnut's motion for appointment of counsel and deny as moot his motions to expedite and for bail pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

[2] Chestnut has been released from prison. His appeals are not moot, however, because he is serving his term of supervised release. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) (holding that, as long as a defendant is serving any part of his sentence for an offense covered by the First Step Act, he is eligible for First Step Act relief).