**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6058**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC JAMES ALEXANDER, a/k/a Pete,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:05-cr-00390-RJC-6)

Submitted:  September 17, 2020                    Decided:  October 28, 2020

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Eric James Alexander, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric James Alexander appeals the district court's order denying his motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 ("First Step Act"), which permits a district court to impose a reduced sentence for defendants convicted of covered offenses as if certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372, were in effect at the time the covered offense was committed. Alexander pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006).[1] The district court concluded that Alexander did not qualify for First Step Act relief because his statutory sentencing range remained unchanged based on the amount of powder cocaine involved in the offense. In light of our decisions in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), and *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), we vacate the district court's order and remand for consideration on the merits.[2] We express no opinion on the ultimate disposition of Alexander's First Step Act motion. *See Gravatt*, 953 F.3d at 264.

---

[1] Because the Government withdrew its 21 U.S.C. § 851 notice, Alexander faced a statutory sentencing range of 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A).

[2] The district court did not have the benefit of *Wirsing* and *Gravatt* when it decided Alexander's case.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*