**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7904**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE PETTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:06-cr-00162-RAJ-JEB-1)

Submitted:  October 26, 2020                    Decided:  November 19, 2020

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Jorge Petter, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Petter appeals the district court's order denying his motion to reduce his sentence under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194. In 2007, Petter pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (Count 1), and making false, fictitious, and fraudulent representations, in violation of 18 U.S.C. § 1001(a)(2) (Count 53). The district court sentenced Petter to 372 months' imprisonment on Count 1 and a concurrent 60-month term on Count 53. Petter did not appeal.

In 2019, Petter moved for a reduction in sentence pursuant to the First Step Act. Section 404 of the First Step Act permits a district court to impose a reduced sentence upon a defendant convicted of a "covered offense" as if certain provisions of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372, were in effect at the time the defendant committed the "covered offense." Section 404(a) of the First Step Act defines a "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]." Section 2 of the FSA "reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of cocaine base required to trigger certain statutory penalties." *United States v. Venable*, 943 F.3d 197, 188 (4th Cir. 2019).

The district court determined that Petter was not eligible for relief because, in addition to 38 grams of cocaine base, Petter's relevant conduct included more than 5 kilograms of cocaine and more than 1 kilogram of heroin, and the statutory penalties for

2

cocaine and heroin offenses were unchanged by the First Step Act or the FSA. Days before the district court entered its order, however, we held that a defendant's eligibility for relief under the First Step Act turns on the defendant's statute of conviction, not his offense conduct. *United States v. Wirsing*, 943 F.3d 175, 182 (4th Cir. 2019). And we subsequently held that, when a defendant is convicted of a conspiracy involving both cocaine base and other controlled substances for which the FSA did not change the penalties, the conviction qualifies as a "covered offense" under § 404(a). *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020).

We need not vacate the district court's order, however. Although the criminal judgment states that Petter was convicted in Count 1 of conspiracy to distribute and possess with intent to distribute cocaine, heroin, and cocaine base, our review of the plea agreement and the Fed. R. Crim. P. 11 plea colloquy confirms that Petter pled guilty only to conspiracy to distribute and possess with intent to distribute cocaine and heroin. Because Petter was not convicted of a cocaine base offense and because the penalties for cocaine and heroin offenses were not modified by the FSA, Petter was not convicted of a "covered offense" and is not eligible for relief under the First Step Act.

Accordingly, we affirm the district court's order denying Petter's motion for a sentence reduction under the First Step Act. We remand the case so that the district court may amend the criminal judgment to delete the reference to cocaine base as an object of the conspiracy in Count 1. *See* Fed. R. Crim. P. 36 (addressing correction of clerical errors). We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*