NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1749

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:07-cr-10044 |
| COREY L. JOHNSON, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

## O R D E R

More than a decade after he was convicted of conspiring to distribute powder cocaine and cocaine base (crack), Corey Johnson sought to reduce his life sentence under the First Step Act of 2018. The district court concluded that it lacked discretion to alter a powder-cocaine sentence such as Johnson's and denied his request. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2008, Johnson was convicted by a jury of conspiracy to distribute more than 5 kilograms of powder cocaine and more than 50 grams of crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). The court sentenced him to life in prison, the statutory minimum at the time given his two prior drug convictions. *See* 21 U.S.C. §§ 841(b)(1)(A)(ii) (powder cocaine) and 841(b)(1)(A)(iii) (crack cocaine).

In 2020, Johnson moved to reduce his prison term under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Section 404 of the act made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), for defendants convicted of a "covered offense," defined as an offense whose statutory penalties were modified by the Fair Sentencing Act. His crack-cocaine conviction under § 841(b)(1)(A)(iii) was a covered offense, Johnson argued, and so the district court had discretion to apply the Fair Sentencing Act retroactively to reduce his prison term. (The Fair Sentencing Act raised the quantities of crack cocaine necessary to trigger the statutory minimum penalties of § 841(b)(1)(A)(iii) from 50 grams to 280 grams. *Id.*)

The district court denied Johnson's motion. His powder-cocaine conviction rendered his life sentence mandatory, the court explained, and the First Step Act gives courts no discretion to disregard statutory requirements for such convictions. Thus, the court could not alter his life sentence "regardless of whether his conviction was technically a covered offense."

On appeal, Johnson maintains that his crack-cocaine violation was a "covered offense" under the First Step Act and made him eligible for resentencing. Johnson, arguing that that he was convicted for a covered and a non-covered offense, analogizes his circumstances to the defendant's in *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020), in which we recognized the district court's discretion to reduce an aggregate sentence that included both covered and non-covered offenses.

But regardless of whether Johnson's conviction was for a covered offense, the district court lacked discretion to reduce his prison term. As the court explained, Johnson faced a mandatory life sentence for his conspiracy conviction for powder cocaine under § 841(b)(1)(A)(ii)—a statutory provision that the Fair Sentencing Act left untouched. *See* Fair Sentencing Act of 2010, §§ 2, 3. Nothing in the First Step Act allows the court to disregard statutory minimum sentences for powder cocaine offenses. *See United States v. Gravatt*, 953 F.3d 258, 264 n.5 (4th Cir. 2020). And *Hudson* is distinguishable because the defendant's sentence there was above the statutory

minimum for his non-covered offense, *see* 967 F.3d at 608, while Johnson's life sentence was mandatory for his powder-cocaine conviction.

We have considered Johnson's other arguments, and they are without merit.

AFFIRMED