NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021[*]
Decided January 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1751

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | 04-20055-001 |
| WILLIAM D. DICKERSON, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

## O R D E R

More than a decade after his conviction for conspiring to distribute powder and crack cocaine, William Dickerson sought a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The district judge denied relief. Because Dickerson's sentence is currently the statutory minimum, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Dickerson pleaded guilty in 2005 to conspiring to distribute more than 5 kilograms of powder cocaine, 21 U.S.C. § 841(b)(1)(A)(ii), and more than 50 grams of crack cocaine, *id.* § 841(b)(1)(A)(iii). Under then-existing law, the court sentenced him to the statutory minimum of 240 months in prison, plus 10 years of supervised release.

In 2018 Dickerson moved to reduce his prison term under the newly passed First Step Act. Section 404 of the Act made retroactive certain parts of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Defendants convicted of a "covered offense"—an offense for which the statutory penalty was modified by the Fair Sentencing Act—may seek a lower sentence. Dickerson argued that because crack offenses under § 841(b)(1)(A)(iii) are covered under the Act, the judge could revise his prison term.

The judge denied the motion. Though crack offenses are covered under the 2018 Act, distribution of powder cocaine is not. Dickerson's 240-month sentence was the statutory minimum for his powder-cocaine offense, so the judge had no room to reduce his sentence. The judge also denied his motion for reconsideration.

On appeal Dickerson maintains that his conviction is "covered" under the First Step Act, making him eligible for resentencing. He cites *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020), which held that "the statute of conviction alone determines eligibility for First Step Act relief." He notes that he was charged with conspiring to distribute both crack and powder cocaine, and proof of either carried the same penalty, so his guilty plea spared the government the need to prove the powder-cocaine offense. He maintains that his guilty plea was the same as a plea that he distributed only crack cocaine, so it is covered by the Act.

We need not decide whether the Act covers a conviction for both cocaine and powder offenses. Even if it does, Dickerson cannot obtain relief. In his guilty plea, he stipulated to conspiring to distribute more than 50 grams of crack *and* more than 5 kilograms of powder cocaine. Under a retroactive application of the Fair Sentencing Act, the statutory minimum sentence for his powder-cocaine offense is 240 months. *See* Fair Sentencing Act of 2010 §§ 2, 3. Nothing in the First Step Act allows a court to disregard statutory minimum sentences for powder-cocaine offenses. *See United States v. Gravatt*, 953 F.3d 258, 264 n.5 (4th Cir. 2020).

We have considered Dickerson's other arguments, and they are without merit.

AFFIRMED