**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-6301**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KARL E. MOORE, SR.,

Defendant - Appellant.

_____

**No. 20-6470**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KARL E. MOORE, SR.,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:02-cr-00217-MSD-JEB-1)

_____

Submitted:  May 27, 2021                                    Decided:  June 7, 2021

_____

Before KING and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Karl E. Moore, Sr., Appellant Pro Se. Andrew Curtis Bosse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Karl E. Moore, Sr., appeals the district court's orders granting his 18 U.S.C. § 3582(c)(1)(B) motion for a sentence reduction under section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and denying reconsideration. On appeal, Moore challenges several of his convictions[*] and contends that the modified sentence imposed by the district court is procedurally and substantively unreasonable. For the reasons that follow, we affirm.

We review a district court's decision whether to grant a reduction under the First Step Act for abuse of discretion. *See United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021). Under section 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The district court correctly determined that Moore was sentenced for covered offenses. *See United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020).

A sentence modification under the First Step Act and 18 U.S.C. § 3582(c)(1)(B) is not a plenary resentencing, but is a more robust proceeding than a sentence modification under 18 U.S.C. § 3582(c)(2). *Collington*, 995 F.3d at 354, 356, 358. In imposing a reduced sentence, the sentencing judge must (1) "accurately recalculate the [Sentencing]

---

[*] We previously affirmed Moore's convictions. *See United States v. Smith*, 441 F.3d 254, 260-65 (4th Cir. 2006). The challenges to his convictions are not properly before us in this First Step Act proceeding.

Guidelines . . . range"; (2) "correct original Guidelines errors and apply intervening case law made retroactive to the original sentence"; and (3) "consider the [18 U.S.C.] § 3553(a) factors to determine what sentence is appropriate." *Id.* at 355 (emphasis omitted). "[W]hen a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358.

Regarding the procedural reasonableness of Moore's reduced sentence, our review of the record reveals that the district court properly calculated the Sentencing Guidelines range and adequately considered the 18 U.S.C. § 3553(a) sentencing factors. We discern no procedural error in the district court's imposition of Moore's modified sentence. With regard to substantive reasonableness, "we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the [§ 3553(a) factors]." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015); *see Collington*, 995 F.3d at 360. We conclude that the district court acted within its discretion by reducing Moore's aggregate sentence to 400 months after considering the purpose of the First Step Act, the § 3553(a) factors, the offense conduct, Moore's criminal history, and his prison disciplinary record. Finally, we discern no error in the district court's denial of reconsideration.

Accordingly, we affirm the district court's orders. We deny Moore's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4