**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-7766

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NATHANIEL A. RICHARDSON, JR., a/k/a Nathaniel Skeeter, a/k/a Skeet,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:96-cr-00153-RAJ-1)

Submitted:  April 28, 2021                      Decided:  July 8, 2021

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel A. Richardson, Jr., appeals the district court's order denying his motion for reconsideration of the order denying relief on his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 ("First Step Act"). For the reasons that follow, we vacate the district court's order and remand for further proceedings.

In 1996, a jury convicted Richardson of conspiracy to distribute 50 grams or more of cocaine base ("crack") and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848(a), (c) (Count 2); possession with intent to distribute 50 grams or more of crack, in violation of § 841(a)(1) (Count 3); and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 15 & 16). The district court sentenced Richardson to life imprisonment for both the CCE count (Count 2) and the substantive drug count (Count 3), and 240 months for each of the two money laundering counts, all to run concurrently. The district court vacated the conspiracy count as a lesser included offense of the CCE count. This Court affirmed the criminal judgment. *United States v. Richardson*, 233 F.3d 223 (4th Cir. 2000).

In January 2019, Richardson filed a pro se motion for a reduction in sentence under § 404 of the First Step Act. On July 11, 2019, in a single order, the district court denied the First Step Act motion and an 18 U.S.C. § 3582(c)(2) motion Richardson had filed the same day. As relevant to the instant appeal, the court determined that Richardson qualified for relief under the First Step Act, but declined to exercise its discretion to lower

2

Richardson's sentence. Richardson filed a motion for reconsideration, which the district court denied. Richardson now appeals the denial of his motion for reconsideration of the denial of his First Step Act motion.

Even where, as here, a defendant is eligible for relief under the First Step Act, whether to reduce the defendant's sentence generally remains within the sentencing court's discretion. *United States v. Gravatt*, 953 F.3d 258, 261, 264 (4th Cir. 2020); *see* § 404(c), 132 Stat. at 5222 ("Nothing in the section shall be construed to require a court to reduce any sentence pursuant to this section."). Nevertheless, as we recently held, a "district court's overall sentencing authority is constrained by the retroactively applicable statutory maximums in [21 U.S.C.] § 841, such that the district court abuses its discretion in letting stand a sentence that was made illegal under the Fair Sentencing Act." *United States v. Collington*, 995 F.3d 347, 357 (4th Cir. 2021).

When Richardson was sentenced in 1997, the statutory penalty for the conviction on Count 3, possession with intent to distribute 50 grams or more of crack, was 10 years' to life imprisonment. 21 U.S.C. § 841(a), (b)(1)(A)(iii) (1994). If sentenced today, Richardson would be subject to the sentencing range set forth in 21 U.S.C. § 841(b)(1)(B)(iii), which establishes a penalty of 5 to 40 years' imprisonment for crack offenses involving at least 28 grams but less than 280 grams of crack. Therefore, the district court, which did not have the benefit of our decision in *Collington*, erred by not

resentencing Richardson, on Count 3, to—at most—40 years' imprisonment.[1]  *See Collington*, 995 F.3d at 358.

We therefore vacate the district court's denial of First Step Act relief and remand for further proceedings in light of *Collington*.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[1] Although Richardson did not raise this argument on appeal, we have elected to exercise our discretion to correct this error in light of the strong societal interest in ensuring that criminal defendants are not subject to greater punishment than is statutorily authorized. *See, e.g.*, *Wash. Gas Light Co. v. Va. Elec. & Power Co.*, 438 F.2d 248, 250-51 (4th Cir. 1971) (explaining that, "if deemed necessary to reach the correct result, an appellate court may sua sponte consider points not presented to the district court and not even raised on appeal by any party").

[2] Because we vacate and remand in light of *Collington*, we deem it unnecessary to address Richardson's argument that court failed to consider sentencing disparities in denying First Step Act relief.