**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7118**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HENRY P. BENNETT, JR., a/k/a Juni, a/k/a Unc,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:07-cr-00924-DCN-1)

Submitted:  July 2, 2021                                    Decided:  August 4, 2021

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry P. Bennett, Jr., Appellant Pro Se. Emily Evans Limehouse, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry P. Bennett, Jr., appeals from the district court's orders denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and denying reconsideration. The district court determined that Bennett was eligible for relief under the First Step Act but declined to exercise its discretion to reduce Bennett's sentence.

Based upon our review of the record, we conclude that Bennett was not eligible for relief under the First Step Act because he was not convicted of a "covered offense" as defined in § 404(a) of the First Step Act. *See* First Step Act § 404(a), 132 Stat. at 5222 (defining a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law [No.] 111-220; 124 Stat. 2372), that was committed before August 3, 2010"); *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (explaining that the "covered offense" analysis "ask[s] whether the Fair Sentencing Act modified the statutory penalties for [the defendant's] offense"); *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (recognizing that only those convicted of "covered offense" are eligible for relief under First Step Act).

Although a jury found Bennett guilty of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine "and/or" 50 grams or more of crack cocaine, the jury more specifically found that the conspiracy involved only cocaine. That is, the jury returned a partial verdict finding that the conspiracy involved five kilograms or more of cocaine, and the jury did not make a finding that the conspiracy

involved crack cocaine. Bennett was thus not convicted of a "covered offense" within the meaning of the First Step Act.*

Because Bennett was not eligible for relief under the First Step Act, we affirm the district court's orders denying Bennett's First Step Act motion and denying reconsideration. *See United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) ("[W]e may affirm on any grounds apparent from the record." (internal quotation marks omitted)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* We are satisfied that Bennett's case is distinguishable from *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020). In *Gravatt*, the defendant admitted during the guilty plea hearing that the drug conspiracy involved both 50 grams or more of crack cocaine and 5 kilograms or more of cocaine. *Id.* at 261. On appeal, we concluded that the defendant's drug conspiracy offense was a "covered offense" even though it involved both crack cocaine and cocaine. *Id.* at 264. In contrast to the drug conspiracy offense in *Gravatt*— under the jury's verdict in these proceedings—Bennett's drug conspiracy offense did not involve both crack cocaine and cocaine.