**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7802

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN WAYNE WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:09-cr-00414-RDA-3)

Submitted:  October 12, 2022                         Decided:  October 14, 2022

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Marvin D. Miller, LAW OFFICE OF MARVIN D. MILLER, Alexandria, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Wayne Williams, Jr., appeals the district court's orders denying his motion to reduce his sentence under § 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, and his motion to reconsider. A jury convicted Williams in 2011 of conspiracy to distribute 50 or more grams of crack cocaine (Count 1) and use of a firearm in connection with conspiracy to distribute crack cocaine resulting in death (Count 3). Although Williams' Sentencing Guidelines range was life on each count, to be served consecutively, the district court sentenced him to consecutive terms of 25 years on each count. We affirmed Williams' convictions and sentence. *United States v. Wigenton*, 490 F. App'x 557 (4th Cir. 2012) (No. 11-4303).

Williams moved for a reduction of his sentence pursuant to the First Step Act. The district court found Williams eligible for relief but declined to grant relief after considering the 18 U.S.C. § 3553(a) factors and Williams' postconviction conduct. The court subsequently denied Williams' motion for reconsideration. On appeal, Williams contends that the district court erred by continuing to apply a murder cross-reference to his Guidelines range under a preponderance of the evidence standard, failing to recalculate his Guidelines range, and failing to adequately consider his postconviction conduct.* We affirm.

---

\* Williams also appears to challenge his Count 3 conviction. To the extent Williams challenges this conviction, a First Step Act motion is not the correct vehicle to do so.

2

Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010, [Pub. L. 111-220; 124 Stat. 2372 ("Fair Sentencing Act")], were in effect at the time the covered offense was committed." 132 Stat. at 5222. A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020); *see* First Step Act, § 404(a), 132 Stat. at 5222. However, § 404(c) bars eligibility even for a covered offense where a defendant previously received the benefits of sections 2 or 3 of the Fair Sentencing Act or previously filed a motion under the First Step Act that was denied after a complete review of the merits. *Gravatt*, 953 F.3d at 260.

We review a district court's decision on a First Step Act motion for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020) (reviewing ruling on motion under the First Step Act for abuse of discretion but declining to decide parameters of such review). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair

3

Sentencing Act's changes, appellate review should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up).

We have considered the parties' arguments and reviewed the record on appeal, and we conclude that the district court did not abuse its discretion in denying Williams' motions. Although the district court did not accurately recalculate the Guidelines range for Count 1, any error is harmless. In addition, regarding Williams' challenge to the application of the murder cross-reference, in the context of a First Step Act motion, district courts are not to "recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Id.* at 2402 n.6. Finally, the court considered Williams' positive postconviction conduct but, after a thorough review of the § 3553(a) factors, found that such conduct did not outweigh the heinous nature of his offenses, his extensive and violent criminal history, and his prison disciplinary infractions. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*