**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-6363**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EUGENE J. TALIK, JR.,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:06-cr-00051-JPB-1)

—————————

Submitted:  June 22, 2023                    Decided:  June 27, 2023

—————————

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Eugene J. Talik, Jr., Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene J. Talik, Jr., appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.  To succeed on his motion, Talik had to establish, among other things, that relief was warranted under the 18 U.S.C. § 3553(a) sentencing factors.  *United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022).  Upon review, we discern no abuse of discretion in the district court's determination that Talik failed to make this showing.[*]  *See id.* (stating standard of review).  Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Noting that Talik had previously filed a compassionate release motion, the district court held that the instant motion was barred by Section 404(c) of the First Step Act of 2018.  But Section 404(c), which pertains only to successive motions to reduce certain drug sentences, is irrelevant here.  *See United States v. Gravatt*, 953 F.3d 258, 259-60 (4th Cir. 2020).  Moreover, we have expressly indicated that successive compassionate release motions are not prohibited by statute.  *See United States v. Bethea*, 54 F.4th 826, 833 n.2 (4th Cir. 2022).  Thus, as Talik points out, the district court erred in concluding otherwise.

In addition, the district court improperly treated U.S. Sentencing Guidelines Manual § 1B1.13(2) as a prerequisite for relief.  *See United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020).  Nevertheless, because the court properly exercised its discretion in assessing the § 3553(a) factors, we are satisfied that the court's errors do not require vacatur.

2