**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6976**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALBERT LYNN WOODSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:09-cr-00075-IMK-1)

Submitted:  March 27, 2020                                   Decided:  June 24, 2020

Before MOTZ, DIAZ, and RUSHING, Circuit Judges.

Vacated and remanded by published opinion.  Judge Rushing wrote the opinion, in which Judge Motz and Judge Diaz joined.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, Jenny R. Thoma, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  William J. Powell, United States Attorney, Wheeling, West Virginia, Jeffrey A. Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

RUSHING, Circuit Judge:

In 2009, a district court sentenced Albert Lynn Woodson to 151 months' imprisonment for distributing 0.41 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Ten years later, Woodson filed a motion for a reduced sentence pursuant to the First Step Act of 2018, believing he was eligible for relief because he was convicted for a crack cocaine offense prior to 2010. The district court denied Woodson's motion on the ground that the First Step Act does not apply to crack offenders sentenced under Subsection 841(b)(1)(C). We disagree.

By an interim order dated April 2, 2020, we vacated the district court's decision denying Woodson's motion, ruled that Woodson was eligible for relief under the First Step Act, and remanded for the district court to consider whether to exercise its discretion under the Act to impose a reduced sentence. We now explain the reasons for our order.

## I.

Woodson seeks a sentence reduction under Section 404 of the First Step Act. As we have recounted many times in recent opinions, Section 404 makes retroactive the provisions of the Fair Sentencing Act of 2010 that reformed crack cocaine sentencing. *See United States v. Chambers*, 956 F.3d 667, 669–670 (4th. Cir. 2020); *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Wirsing*, 943 F.3d 175, 177–180 (4th Cir. 2019), *as amended* (Nov. 21, 2019); *United States v. Venable*, 943 F.3d 187, 188–189 (4th Cir. 2019). Before the Fair Sentencing Act, "a drug trafficker dealing in crack cocaine [was] subject to the same sentence as one dealing in 100 times more powder cocaine."

2

*Kimbrough v. United States*, 552 U.S. 85, 91 (2007). The Fair Sentencing Act reduced this disparity by increasing the amount of crack cocaine required to trigger the statutory penalties for drug trafficking in 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). "The effect of the changes was to . . . lower[] the crack-to-powder ratio from 100-to-1 to 18-to-1." *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). The Fair Sentencing Act also eliminated the mandatory minimum sentence for simple possession of crack cocaine in 21 U.S.C. § 844(a). *See* § 3, 124 Stat. at 2372.

The First Step Act renders these reforms retroactive by authorizing a district court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (citation omitted). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222 (citation omitted). Thus, a defendant convicted before the passage of the Fair Sentencing Act of violating a statute the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act is eligible for a sentence reduction if his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act. *See id*. §§ 404(b), (c), 132 Stat. at 5222; *Wirsing*, 943 F.3d at 186.

The district court in this case determined that Woodson was ineligible for a First Step Act reduction because he had not committed a "covered offense." Woodson pleaded

3

guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (the substantive offense) and 21 U.S.C. § 841(b)(1)(C) (the penalty provision). The district court reasoned that the Fair Sentencing Act did not modify 21 U.S.C. § 841(b)(1)(C) because it left that provision's text unchanged while it directly altered the text of 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) by increasing the threshold quantities of crack cocaine referenced therein. On appeal, Woodson contends that, although the Fair Sentencing Act did not change the wording of 21 U.S.C. § 841(b)(1)(C), it nevertheless modified the operation of that subsection by modifying the surrounding subsections, which define its scope.

The question before us, therefore, is whether the Fair Sentencing Act modified the statutory penalties of 21 U.S.C. § 841(b)(1)(C) as it pertains to crack cocaine offenses, such that a conviction for trafficking crack cocaine pursuant to that statute is a "covered offense" for purposes of the First Step Act. We review this "pure question of statutory interpretation" de novo. *United States v. Segers*, 271 F.3d 181, 183 (4th Cir. 2001).

II.

To answer the question presented, we first examine the operation of 21 U.S.C. § 841 and the changes made to the statute by the Fair Sentencing Act. We then consider what "modified" "statutory penalties" means in Section 404 of the First Step Act.

Section 841(a) declares it unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense" a controlled substance. Section 841(b) imposes penalties for violating Section 841(a) that vary depending on the identity and amount of the controlled substance involved in the offense. The crack cocaine

4

penalties are located in Subsections 841(b)(1)(A)(iii), (B)(iii), and (C). Subsection 841(b)(1)(A)(iii) imposes a penalty of 10 years' to life imprisonment for violations involving the largest quantities of crack cocaine. Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger this penalty, raising the amount from 50 grams to 280 grams. *See* § 2, 124 Stat. at 2372. Subsection 841(b)(1)(B)(iii) imposes a penalty of 5 to 40 years' imprisonment for violations involving lesser quantities of crack cocaine. Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger this penalty from 5 grams to 28 grams. *See* § 2, 124 Stat. at 2372. Finally, Subsection 841(b)(1)(C) imposes a penalty of not more than 20 years' imprisonment for all crack cocaine violations "except as provided in subparagraphs (A) [and] (B)." The Fair Sentencing Act did not change the text of Subsection 841(b)(1)(C).

Reading these subsections together, before the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets: (1) offenses involving 50 or more grams, which were punished by 10 years to life in prison, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006); (2) offenses involving between 5 and 50 grams, which were punished by 5 to 40 years in prison, *see* 21 U.S.C. § 841(b)(1)(B)(iii) (2006); and (3) offenses involving less than 5 grams (or an unspecified amount), which were punished by 0 to 20 years in prison, *see* 21 U.S.C. § 841(b)(1)(C) (2006). The Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward, so that now (1) offenses involving 280 or more grams are punished by 10 years to life in prison, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2018); (2) offenses involving between 28 and 280 grams are punished by 5 to 40 years in prison, *see* 21 U.S.C. § 841(b)(1)(B)(iii) (2018); and (3) offenses

involving less than 28 grams (or an unspecified amount) are punished by 0 to 20 years in prison, *see* 21 U.S.C. § 841(b)(1)(C) (2018).

As previously noted, the First Step Act permits a district court to apply Sections 2 and 3 of the Fair Sentencing Act retroactively only to a defendant who was sentenced for a "covered offense." *See* § 404(b), 132 Stat. at 5222. A defendant has committed a "covered offense"—and is therefore eligible for a First Step Act reduction—if he was convicted under a statute "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." § 404(a), 132 Stat. at 5222; *see Wirsing*, 943 F.3d at 186. Although Section 2 of the Fair Sentencing Act did not alter the terms of imprisonment specified in Subsections 841(b)(1)(A)(iii) and (B)(iii), it did alter the amounts of crack cocaine required to trigger those terms. We have treated those increases in the drug weights to which the statutory subsections apply as modifications of the statutory penalties for purposes of the First Step Act. In other words, we have interpreted "statutory penalties . . . which were modified by section 2 . . . of the Fair Sentencing Act" to refer to Section 2's changes to the quantity of crack cocaine covered by a particular statutory penalty. *See*, *e.g.*, *Gravatt*, 953 F.3d at 263 ("[S]ection 2 of the Fair Sentencing Act modified penalties for crack cocaine offenses by increasing the threshold drug quantities required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b)."); *Venable*, 943 F.3d at 188 ("The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of [crack cocaine] required to trigger certain statutory penalties.").

6

So, for example, in *Wirsing*, we held that the defendant's conviction under Subsection 841(b)(1)(B)(iii) was a "covered offense" because the Fair Sentencing Act altered that subsection by changing the drug weights to which its penalties apply. *See* 943 F.3d at 185–186. Likewise, in other First Step Act cases, we have held that defendants committed "covered offenses" where they were sentenced under Subsection 841(b)(1)(A)(iii) or (B)(iii), both of which were "modified by" the Fair Sentencing Act only with respect to the drug weights to which they apply. *See*, *e.g.*, *Chambers*, 956 F.3d at 669–670; *Gravatt*, 953 F.3d at 262–263; *Jackson*, 952 F.3d at 495–496; *Venable*, 943 F.3d at 193.

In the same way, the Fair Sentencing Act "modified" Subsection 841(b)(1)(C) by altering the crack cocaine quantities to which its penalty applies. Before the Fair Sentencing Act, Subsection 841(b)(1)(C)'s penalty applied only to offenses involving less than 5 grams of crack cocaine (or an unspecified amount). But because of the changes rendered by Section 2 of the Fair Sentencing Act, the penalty in Subsection 841(b)(1)(C) now covers offenses involving between 5 and 28 grams of crack cocaine as well.

Congress did not need to amend the text of Subsection 841(b)(1)(C) to make this change. Recall that the scope of Subsection 841(b)(1)(C)'s penalty for crack cocaine trafficking is defined by reference to Subsections 841(b)(1)(A)(iii) and (B)(iii): Subsection 841(b)(1)(C) imposes a penalty of not more than 20 years' imprisonment for crack cocaine trafficking offenses "except as provided in subparagraphs (A) [and] (B)." Thus, by increasing the drug weights to which the penalties in Subsections 841(b)(1)(A)(iii) and (B)(iii) applied, Congress also increased the crack cocaine weights to which Subsection

7

841(b)(1)(C) applied and thereby modified the statutory penalty for crack cocaine offenses in Subsection 841(b)(1)(C) in the same way that Congress modified the statutory penalties in Subsections 841(b)(1)(A)(iii) and (B)(iii).

This accords with the ordinary meaning of the term "modified," which "includes any change, however slight." *United States v. Smith*, 954 F.3d 446, 450 (1st Cir. 2020) (analyzing the First Step Act and citing *MCI Telecomms. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 225 (1994)); *see*, *e.g.*, Webster's Third New International Dictionary 1452 (2002) ("to make minor changes in the form or structure of: alter without transforming"); 9 Oxford English Dictionary 952 (2d ed. 2004) ("[t]o make partial changes in"); Black's Law Dictionary 1157 (10th ed. 2014) ("[t]o make somewhat different; to make small changes to (something) by way of improvement, suitability, or effectiveness"). Subsection 841(b)(1)(C) set forth the penalty for quantities of crack cocaine between zero and 5 grams (or an unspecified amount) before the Fair Sentencing Act, and between zero and 28 grams (or an unspecified amount) after. This is a modification.

This conclusion also accords with our precedent holding that the relevant change for purposes of a "covered offense" under the First Step Act is a change to the statutory penalties for a defendant's statute of conviction, not a change to a defendant's particular sentencing range as a result of the Fair Sentencing Act's modifications. *See Wirsing*, 943 F.3d at 185–186. Section 2 of the Fair Sentencing Act shifted the entire sentencing scale for crack cocaine trafficking offenses. An individual defendant may feel the impact of this shift in a substantial way if the amendments transferred his offense from one subsection of Section 841(b) to another, lowering the maximum statutory sentence and any mandatory

8

minimum. But even defendants whose offenses remain within the same subsection after Section 2's amendments are eligible for relief, and modification of the range of drug weights to which the relevant subsection applies may have an anchoring effect on their sentence. For example, Woodson was convicted of distributing 0.41 grams of crack cocaine, which is 8.2% of 5 grams, the previous upper end of Subsection 841(b)(1)(C)'s range, but only 1.5% of 28 grams, the new upper end. A district court may find this shift relevant to determining the appropriate sentence for a particular offender.

Finally, we reject the Government's argument that a crack cocaine conviction pursuant to Subsection 841(b)(1)(C) is not a covered offense because that subsection does not contain a mandatory minimum sentence. Congress did not limit the First Step Act to statutes imposing mandatory minimums or to offenders sentenced to mandatory minimums. The argument also conflicts with our precedent, under which all crack cocaine offenders serving sentences for violations of certain statutory provisions (and who are not excluded by the express limitations in Section 404(c) of the Act) are eligible for First Step Act relief, regardless of whether the statutory amendments would change the application of a mandatory minimum to a particular offender. *See Wirsing*, 943 F.3d at 185–186.

### III.

For the foregoing reasons, we hold that when the Fair Sentencing Act changed the quantities of crack cocaine to which Subsection 841(b)(1)(C) applies, it "modified" the statutory penalties of that subsection for purposes of crack cocaine offenders within the meaning of the First Step Act. The only other circuit to have considered this question in a precedential opinion agrees. *See Smith*, 954 F.3d at 450. Woodson's sentence under

Subsection 841(b)(1)(C) therefore was imposed for a "covered offense," and he is eligible for a First Step Act sentence reduction. The district court on remand should review Woodson's motion on the merits and determine, in its discretion, whether to grant Woodson relief. *See* First Step Act §§ 404(b), (c), 132 Stat. at 5222.

*VACATED AND REMANDED*