**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7803**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

KENNETH ROSHAUN REID,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1)

Submitted:  July 20, 2020                   Decided:  September 30, 2020

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid appeals the district court's order denying his motion for reconsideration of its prior order denying his motion for a sentence reduction pursuant to section 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222, his motions for appointment of counsel and an evidentiary hearing, his motion for relief from judgment, and his letter seeking release from prison. On appeal, Reid has filed a motion for plain error correction in light of the First Step Act, a request for judicial notice, and a motion for relief based on a change in law that we construe as motions for leave to file supplemental informal briefs and grant.

In denying reconsideration, the district court determined that, because Reid was convicted of conspiracy to possess with intent to distribute and to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, he was not eligible for a sentence reduction under the FSA 2018 because the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction. In light of our decision in *United States v. Woodson*, 962 F.3d 812, 816-17 (4th Cir. 2020) (determining that the Fair Sentencing Act of 2010 modified § 841(b)(1)(C) and that defendants "whose offenses remain within the same subsection [of § 841(b)] after Section 2 [of the Fair Sentencing Act of 2010]'s amendments are eligible for relief" under the FSA 2018), which issued during the pendency of this appeal, we vacate the district court's order and remand for further proceedings.

We deny Reid's motions for a certificate of appealability, demanding immediate release, seeking recusal or disqualification of the district court, seeking dismissal of all

2

charges and habeas corpus relief, and for bail or release pending appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*