**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7501**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEVAS JERMAINE HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Irene C. Berger, District Judge.  (1:09-cr-00117-1)

Submitted:  October 30, 2020                        Decided:  November 10, 2020

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tevas Jermaine Hill appeals the district court's order denying relief on his motion for sentence reduction filed pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). We vacate the district court's order and remand for reconsideration in light of our recent decisions in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), and *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020).

In *Wirsing*, we held that a motion for sentence reduction under the First Step Act is considered under 18 U.S.C. § 3582(c)(1), and that a district court's authority in reducing a defendant's sentence consequently does not depend on a reduction of the defendant's Sentencing Guidelines range as it would with a motion under 18 U.S.C. § 3582(c)(2). *Wirsing*, 943 F.3d at 183-86. In *Chambers*, we held that a district court may vary downwards from the applicable Guidelines range, must consider the 18 U.S.C. § 3553(a) sentencing factors, and may consider a defendant's postsentencing conduct in exercising its discretion to reduce a defendant's sentence under the First Step Act. *Chambers*, 956 F.3d at 674-75. Finally, in *Woodson*, we held that a conviction—like Hill's—for possession with intent to distribute less than five grams (or an unspecified amount) of cocaine base is a covered offense under the First Step Act. *Woodson*, 962 F.3d at 813.

The district court's opinion is unclear as to whether it denied Hill's First Step Act motion based on a finding that Hill was ineligible for relief or whether the court exercised its discretion to deny a sentence reduction to an eligible defendant. In any event, because the district court did not have the benefit of our decisions in *Wirsing*, *Chambers*, or

2

*Woodson* when ruling on Hill's motion, we vacate the district court's order and remand for reconsideration in light of these decisions. We express no opinion on the ultimate disposition of Hill's First Step Act motion. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*