**UNPUBLISHED**
**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENERVA W. TROTMAN, a/k/a Charles Carlos Clark,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:91-cr-00092-H-1)

Submitted:  November 18, 2020                    Decided:  December 17, 2020

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Enerva W. Trotman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enerva W. Trotman appeals the district court's order denying his motions for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We vacate the district court's order and remand for further proceedings.[*]

We turn first to Trotman's First Step Act motions. The First Step Act provides that a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) [(FSA)] were in effect at the time the covered offense was committed." First Step Act, § 404(b), 132 Stat. at 5222. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA], that was committed before August 3, 2010." First Step Act, § 404(a), 132 Stat. at 5222. As relevant here, section 2 of the FSA increased the drug quantities necessary to trigger the mandatory minimum sentences in 21 U.S.C. § 841(b)(1) for crack cocaine offenses. *United States v. Black*, 737 F.3d 280, 282 (4th Cir. 2013). We recently held that convictions—like Trotman's—for distribution of an unspecified amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), are covered offenses under the First Step Act. *Woodson*, 962 F.3d at 817. Accordingly, Trotman is eligible for First Step Act relief.

---

[*] In a prior opinion, we affirmed the portion of the district court's order denying Trotman's First Step Act motions, observing that Trotman was not eligible for relief. Upon further review, we concluded that Trotman is eligible for relief pursuant to *United States v. Woodson*, 962 F.3d 812, 817 (4th Cir. 2020). Accordingly, in a separate order, we sua sponte granted rehearing and vacated our prior opinion.

In another recent decision, we held that, "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it also must recalculate the Guidelines range," *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted), and that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing," *id.* at 668. Moreover, we held that "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and that a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674.

Here, the district court's order is unclear as to whether the court denied Trotman's First Step Act motions based on a finding that Trotman was ineligible for relief or whether the court exercised its discretion to deny a sentence reduction to an eligible defendant. In any event, because the court did not have the benefit of our decisions in *Chambers* or *Woodson* when ruling on Trotman's motions, we vacate this portion of the court's order and remand for reconsideration.

We turn next to Trotman's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." A district court's ruling on an 18 U.S.C. § 3582(c)(1)(A) motion is reviewed for abuse of discretion. *See, e.g.*, *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."

3

*United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). A district court also abuses its discretion "when it ignores unrebutted, legally significant evidence." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 171 (4th Cir. 2019) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), a district court is obliged to consider the 18 U.S.C. § 3553(a) sentencing factors "to the extent that they are applicable," and may grant a sentence reduction if it is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has specified circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction, including but not limited to the defendant's medical conditions, age, and family circumstances. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1, p.s. (2018). Here, the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors, failed to address Trotman's arguments in favor of a reduction, and failed to explain its reasons for denying the motion. Accordingly, we are unable to meaningfully review this portion of the district court's order.

We therefore vacate the district court's order and remand for further proceedings. We express no view on the merits of Trotman's motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4