[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12366
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00150-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK KEITH KIMBROUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 15, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Roderick Kimbrough, proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) ("First Step Act"). The issue here is whether the district court erred in concluding that Kimbrough was ineligible for relief because his conviction under 21 U.S.C. § 841(b)(1)(C) was not a "covered offense" under the First Step Act. Because the Supreme Court recently held in *Terry v. United States*, 141 S. Ct. 1858 (2021), that offenses under § 841(b)(1)(C) are not "covered offenses" for purposes of the First Step Act, we affirm the district court's denial of his motion.

## I. Background

In 2008, Kimbrough pled guilty to one count of distributing 3.8 grams of crack cocaine. Based on this quantity of 3.8 grams, Kimbrough was subject to the penalty provisions in 21 U.S.C. § 841(b)(1)(C).

A probation officer issued a presentence investigation report ("PSI"), which recommended a finding that Kimbrough was responsible for 7.43 kilograms and, using that quantity, calculated a total offense level of 37 after applying a two-level enhancement for possessing a firearm in connection with the offense and a three-level reduction for acceptance of responsibility. Combined with a criminal-history category of VI, this established a guideline range of 360 months to life

2

imprisonment, which became 20 years' imprisonment because of the 20-year statutory maximum. Neither party objected to the PSI.

At sentencing, the government moved for a downward departure, which the district court granted. After considering the 18 U.S.C. § 3553(a) factors, the arguments, and the PSI, the court sentenced Kimbrough to 210 months' imprisonment followed by 3 years of supervised release. Kimbrough then moved twice for a sentence reduction based on amendments to the Sentencing Guidelines. The district court denied his first motion but granted the second, reducing Kimbrough's sentence from 210 months' to 205 months' imprisonment.

In July 2019, Kimbrough moved for a sentence reduction under the First Step Act, which permits courts to retroactively apply the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), to those convicted of a "covered offense" as defined in the First Step Act. *See* First Step Act, § 404(a), (b). Kimbrough argued that his § 841(b)(1)(C) offense was a "covered offense" because the Fair Sentencing Act modified the drug quantities encompassed by § 841(b)(1)(C) when it amended the drug-quantity thresholds for the penalties in § 841(b)(1)(A)(iii) and § 841(b)(1)(B)(iii). Thus, the Fair Sentencing Act indirectly modified § 841(b)(1)(C).

The district court denied Kimbrough's motion in August 2019. It found that the First Step Act applied to only defendants convicted of offenses whose statutory

penalties were modified by the Fair Sentencing Act and that the Act did not modify § 841(b)(1)(C). Kimbrough separately appealed that order, and we dismissed the appeal for failure to prosecute.

In June 2020, Kimbrough moved for reconsideration based on a Fourth Circuit case that concluded that § 841(b)(1)(C) offenses were "covered offenses." The district court denied the motion, and Kimbrough again appealed.[1] That is the matter currently before this Court for review.

## II. Standard of Review

We review the denial of a motion to reconsider for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its determination. *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

## III. Discussion

District courts lack the inherent authority to modify a term of imprisonment, but they "may do so only when authorized by statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); *see also* 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed

---

[1] The government argues that Kimbrough's motion for reconsideration is an impermissible successive motion and that his appeal of the original ruling is now untimely. Because Kimbrough is not entitled to relief on the merits, we will not address these procedural issues.

4

term of imprisonment in accordance with the amended penalties in the Fair Sentencing Act. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). But as we explain below, the Fair Sentencing Act does not amend 21 U.S.C. § 841(b)(1)(C), so it does not allow for sentences imposed under § 841(b)(1)(C) to be reduced.

## A.

The Fair Sentencing Act amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine from 100 to 1 to 18 to 1. *Dorsey v. United States*, 567 U.S. 260, 263 (2012). As a result, § 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act, § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii); *Jones*, 962 F.3d at 1297.

But the Fair Sentencing Act did not make these amendments retroactively applicable to defendants who were sentenced before its enactment. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act also did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack

cocaine that do not fall within § 841(b)(1)(A) or (B).  *See* Fair Sentencing Act, 124 Stat. 2372, at § 2(a); 21 U.S.C. § 841(b)(1)(C).

Through the First Step Act in 2018, Congress made the Fair Sentencing Act's reduced penalties retroactively applicable to certain prisoners who were sentenced before the effective date of that Act.  *See* First Step Act, 124 Stat. 2372, at § 404. Under § 404(b) of the First Step Act, a court that imposed a sentence for a "covered offense" may impose a reduced sentence as if §§ 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed.  *Id*., § 404(b); *see also Jones*, 962 F.3d at 1297 (explaining that the First Step Act granted district courts discretion to reduce the sentences of crack-cocaine offenders according to the amended penalties in the Fair Sentencing Act).  The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act …, that was committed before August 3, 2010."  First Step Act, § 404(a).

## B.

Kimbrough contends that his conviction is a "covered offense" because, while the Fair Sentencing Act did not change the text of § 841(b)(1)(C), it modified the statute's applicable drug-quantity range by raising the minimum amount of crack cocaine required to be charged under § 841(b)(1)(A)(iii) and (B)(iii), thus raising the maximum amount that could be charged under § 841(b)(1)(C).  Accordingly, he

contends that the increased drug quantities constituted modification of the statutory penalties for purposes of the First Step Act, as identified by other circuits, because § 841(b)(1)(C) is defined in reference to § 841(b)(1)(A)(ii) and (B)(iii). *See, e.g., United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020).

In *Jones*, we held that a crack-cocaine conviction is a "covered offense" if it "triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii)," which were modified by § 2 of the Fair Sentencing Act. 962 F.3d at 1301. We did not expressly resolve whether the Fair Sentencing Act also modified § 841(b)(1)(C). *See generally id.* Although other circuits have held that "covered offenses" also include § 841(b)(1)(C), we have consistently held in unpublished opinions that § 841(b)(1)(C) is not a "covered offense" under the First Step Act. *See, e.g., United States v. Cunningham*, 824 Fed. Appx. 835 (11th Cir. 2020); *United States v. Foley*, 798 Fed. Appx. 534 (11th Cir. 2020). The Supreme Court recently resolved this circuit split in *Terry v. United States*.

In *Terry*, the Supreme Court reviewed the same question asked here: whether those sentenced under § 841(b)(1)(C) qualified for relief under the First Step Act. *See* 141 S. Ct. at 1860, 1863. The Court concluded that the Fair Sentencing Act plainly modified the statutory penalties for those offenses in subparagraphs (A) and (B) of § 841(b)(1), but subparagraph (C) remained the same. *See id.* at 1862-63. Rejecting the petitioner's argument that the phrase "statutory penalties" in the

7

definition for "covered offense" actually means "penalty statute," the Court ruled instead that "statutory penalties" correctly refers to the statutory penalties for the petitioner's offense, rather than the entire statute or statutory scheme. *Id.* at 1863. Since no statutory penalty for petitioner's offense changed under subparagraph (C), the Court held that people convicted under subparagraph (C) are not eligible for relief under the First Step Act. *See id.* at 1862-63.

*Terry* requires us to conclude that Kimbrough is not eligible for a sentence reduction under the First Step Act because he was not sentenced for a "covered offense." *See* 141 S. Ct. at 1863. While the increase in drug quantity in § 841(b)(1)(B)(iii) did, in turn, increase the drug quantity for § 841(b)(1)(C) from five grams to twenty-eight grams, that change did not affect Kimbrough's statutory penalty, as he was originally sentenced under § 841(b)(1)(C). *See id.* Thus, the district court did not abuse its discretion in denying Kimbrough's motion for reconsideration because the Supreme Court's holding in *Terry* that offenses under § 841(b)(1)(C) are not "covered offenses" for purposes of the First Step Act forecloses his argument. Accordingly, we affirm.

## IV. Conclusion

Because the district court originally sentenced Kimbrough under § 841(b)(1)(C), which §§ 2 or 3 of the Fair Sentencing Act did not modify, Kimbrough

is not eligible for a reduction in his sentence under the First Step Act.  The district court did not err in denying Kimbrough's motion.

**AFFIRMED.**