# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6075

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO SALINAS GARCIA, a/k/a Alex,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Kenneth D. Bell, District Judge. (5:09-cr-00025-KDB-DCK-1)

Argued: September 23, 2021          Decided: November 15, 2021

Before WYNN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Sara Hubaishi, Korbin Keller, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee. **ON BRIEF:** Daniel S. Harawa, Christopher Charnetsky, Joanna Johnston, Christian Rose, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellant. R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case presents a narrow issue for resolution on appeal -- whether the district court properly concluded Alejandro Salinas Garcia ("Appellant") is ineligible for a sentence reduction pursuant to § 404 of the First Step Act of 2018 because he was sentenced in accordance with the Fair Sentencing Act of 2010 when he was initially sentenced in December 2012.

"[A] defendant convicted before the passage of the Fair Sentencing Act of violating a statute the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act is eligible for a sentence reduction [under § 404 of the First Step Act] *if his sentence was not previously imposed . . . in accordance with the Fair Sentencing Act.*" *United States v. Woodson*, 962 F.3d 812, 814 (4th Cir. 2020) (emphasis supplied). In February 2010, before Congress passed the Fair Sentencing Act, Appellant was convicted of violating 21 U.S.C. § 841(b)(1)(A), the statutory penalty for which the Act modified. Appellant is therefore eligible for a sentence reduction pursuant to § 404 of the First Step Act *unless* his sentence was previously imposed in accordance with the Fair Sentencing Act.

Appellant was sentenced more than two years after the enactment of the Fair Sentencing Act and six months after the Supreme Court clarified that the Act applies retroactively. There is nothing in the record demonstrating that Appellant was not sentenced in accordance with the Act in December 2012. Therefore, we affirm the district court's order denying Appellant's § 404 motion.

I.

In February 2010, Appellant pled guilty to conspiracy to distribute and possess with intent to distribute at least five kilograms of powder cocaine, 50 grams of cocaine base or crack cocaine, and 1,000 kilograms of marihuana in violation of 21 U.S.C. §§ 841 and 846. "[P]articipation in a single drug-trafficking conspiracy constitutes a single offense, for which the defendant can receive only one sentence" but "the 'statutory penalties for' a drug-trafficking offense include *all* the penalties triggered by every drug-quantity element of the offense . . . ." *United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020) (emphasis in original). At the time of his guilty plea, each of the drug quantities for which Appellant was convicted triggered a statutory mandatory minimum of 10 years and a statutory maximum of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, which lowered the statutory penalty for offenses involving 50 grams or more of cocaine base from 10 years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A), to not less than five years and not more than 40 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). *See United States v. Woodson*, 962 F.3d 812, 815 (4th Cir. 2020). The Act did not modify the penalties for the powder cocaine or marihuana objects of the conspiracy -- five kilograms of powder cocaine still triggers not less than 10 years and up to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A), as does 1,000 kilograms of marihuana.

Thus, both before and after the Fair Sentencing Act was passed, Appellant was subject to a statutory mandatory minimum of 10 years and a statutory maximum of life

3

imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) for the powder cocaine and marihuana quantities involved in the conspiracy. But, after passage of the Act, Appellant was also subject to not less than five years and not more than 40 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) for the crack cocaine quantity. *Taylor*, 982 F.3d at 1300 ("A drug-trafficking conspiracy or substantive drug-trafficking crime involving multiple controlled substances may include multiple drug-quantity elements, which in turn may trigger different categories of punishment . . . .").

In May 2011, this court held that the Fair Sentencing Act does not apply retroactively. *United States v. Bullard*, 645 F.3d 237, 249 (4th Cir. 2011). In September 2011, the United States Probation Office finalized Appellant's presentence investigation report ("PSR"), which determined that Appellant was accountable for at least 150 kilograms of powder cocaine, producing a Guideline range of 360 months to life imprisonment. The next year, in June 2012, the Supreme Court clarified that the Act applies retroactively to anyone who committed a covered crack cocaine crime before August 3, 2010, and was sentenced after August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). One month later, this court acknowledged that pursuant to *Dorsey*, the Fair Sentencing Act applies retroactively in *some* instances -- specifically, to "'offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" *United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012) (quoting *Dorsey*, 567 U.S. at 273).

Against this backdrop, the district court sentenced Appellant to life imprisonment on December 5, 2012. It is undisputed that neither the PSR nor the district court mentioned

the Fair Sentencing Act. It is also undisputed that the Act did not alter Appellant's statutory penalty range, as he is still subject to the penalties in 21 U.S.C. § 841(b)(1)(A).

On November 1, 2014, the United States Sentencing Commission issued Amendment 782, which lowered the Unites States Sentencing Guidelines ("Guidelines") range for certain drug crimes, including the crimes for which Appellant is incarcerated. *See* U.S. Sent'g Guidelines Manual, supp. app. C, amend. 782 (U.S. Sent'g Comm'n 2018). "At the same time, the Commission promulgated another amendment, Amendment 788, which amended § 1B1.10 of the Guidelines to authorize district courts to apply Amendment 782 retroactively to reduce the length of certain already imposed sentences." *United States v. McDonald*, 986 F.3d 402, 410 n.6 (4th Cir. 2021) (internal quotation marks omitted). In February 2016, upon motion from Appellant, the district court reduced Appellant's sentence pursuant to 18 U.S.C. § 3582(c)(2) from life imprisonment to 360 months, the low end of the amended Guidelines range, based on Amendment 782.

"In 2018, Congress enacted the First Step Act, which gives retroactive effect to the Fair Sentencing Act and allows defendants to bring a motion in district court for a reduction of their sentence pursuant to the Fair Sentencing Act." *McDonald*, 986 F.3d at 404. "Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* at 408–09 (internal quotation marks omitted) (alterations in original). But "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the

amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ."  First Step

Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222.

In April 2019, Appellant filed a motion for a sentence reduction pursuant to § 404(b) of the First Step Act.  The district court concluded that the exception in § 404(c) applies, as Appellant was sentenced "well after the effective date of the Fair Sentencing Act."  J.A. 316.[1]  Therefore, the district court denied Appellant's motion without reaching the merits.

Appellant filed a timely notice of appeal.

## II.

"We review the scope of a district court's sentencing authority under the First Step Act de novo . . . ." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).

## III.

Appellant is eligible for relief pursuant to § 404(b) of the First Step Act -- *assuming no exceptions apply*.  The crack cocaine aspect of the multi-object conspiracy does not ultimately affect Appellant's statutory penalty range because he faced the same penalty range for the powder cocaine and marihuana quantities involved in the conspiracy.  But this court's decision in *United States v. Gravatt* makes clear that Appellant was nonetheless convicted of a "covered offense" under the Fair Sentencing Act.  953 F.3d 258, 263–64 (4th Cir. 2020).  Since Appellant committed the covered offense before August 3, 2010, he is therefore eligible for a sentence reduction *unless* the exception in § 404(c) of the First

---

[1] The "J.A." refers to the Joint Appendix filed by the parties in this appeal.

Step Act for defendants previously sentenced in accordance with the Fair Sentencing Act applies.

Timing is everything. Given the timing of Appellant's sentencing and the absence of any indication that he was not sentenced in accordance with the Fair Sentencing Act, we hold that Appellant was previously sentenced in accordance with the Act in December 2012. Therefore, Appellant is ineligible for a sentence reduction pursuant to § 404 of the First Step Act, and the district court correctly denied his motion on this basis.

Appellant's arguments to the contrary overlook the fact that he was sentenced well after the Supreme Court clarified in *Dorsey* that the Fair Sentencing Act applies retroactively, and the fact that he was subject to the same statutory penalty range before and after the enactment of the Act. For example, Appellant cites *United States v. Grey*, No. CR DKC 08-0462, 2020 WL 1890537 (D. Md. Apr. 16, 2020); *United States v. Ferguson*, No. 5:10-CR-13, 2019 WL 3557888 (W.D. Va. Aug. 5, 2019); and *United States v. Welch*, No. 7:10-CR-0054-008, 2019 WL 2092580 (W.D. Va. May 13, 2019), for the proposition that the timing of sentencing alone is not determinative, as each of those defendants was deemed eligible for a sentence reduction pursuant to § 404 of the First Step Act despite being sentenced after the enactment of the Fair Sentencing Act. First, none of these cases are precedential. Moreover, although Grey, Ferguson, and Welch were each sentenced for "covered offenses" in January 2011, after the Fair Sentencing Act was passed, critically, they were also sentenced *before* it was clear that the Act applies retroactively. Appellant was sentenced in December 2012, six months *after* the Supreme Court clarified in *Dorsey* that the Act applies retroactively in this context.

7

Further, the Fair Sentencing Act lowered the applicable statutory penalty range for Grey, Ferguson, and Welch. *Grey*, 2020 WL 1890537, at *2 ("Mr. Grey was entitled to be sentenced pursuant to the lower minimums, and the lower guidelines."); *Ferguson*, 2019 WL 3557888, at *2 ("If Ferguson were sentenced after the Fair Sentencing Act, he . . . would be facing a 10-year statutory minimum sentence rather than a 20-year statutory minimum sentence . . . ."); *Welch*, 2019 WL 2092580, at *2 (granting § 404 reduction after concluding that the Fair Sentencing Act lowered the applicable statutory mandatory minimum from 10 years under § 841(b)(1)(A) to five years under § 841(b)(1)(B)). That is not true for Appellant. Appellant's statutory penalty range remains 10 years to life imprisonment because although the Act modified the penalty for the cocaine base object of the conspiracy, the penalties for the powder cocaine and marihuana objects remain the same. As a result, the non-binding cases on which Appellant relies are clearly distinguishable.

Appellant also relies on the fact that although the cocaine base object of the conspiracy fell under § 841(b)(1)(B) after the Fair Sentencing Act, neither the PSR nor the judgment cited that subsection. But this omission comports with the reality of multi-drug conspiracies, wherein the statutory sentencing range reflects the highest tier of statutory penalties. *United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020) ("A drug-trafficking conspiracy . . . involving multiple controlled substances may include multiple drug-quantity elements, which in turn may trigger different categories of punishment . . . ."). Although Appellant is subject to not less than five years and not more than 40 years imprisonment pursuant to § 841(b)(1)(B) for the cocaine base quantity under the Fair

8

Sentencing Act, his statutory sentencing range remains 10 years to life imprisonment pursuant to § 841(b)(1)(A) for the powder cocaine and marihuana quantities. And the penalty for the cocaine base quantity pursuant to § 841(b)(1)(B) is subsumed within the penalty for the powder cocaine and marihuana quantities pursuant to § 841(b)(1)(A). The omission of § 841(b)(1)(B) in the PSR and judgment is therefore insufficient to demonstrate that Appellant was not sentenced in accordance with the Fair Sentencing Act in December 2012 -- more than two years after the Act was passed and six months after the Supreme Court clarified its retroactive application.

IV.

For the foregoing reasons, the district court's denial of Appellant's § 404 motion is

*AFFIRMED*.