**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6829**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO GERMAINE JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:02-cr-00579-RBH-1)

Submitted:  December 1, 2020                              Decided:  December 22, 2020

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Antonio Germaine Johnson, Appellant Pro Se.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Germaine Johnson appeals the district court's order denying his "Motion for Compassionate Relief Pursuant First Step Act 18 U.S.C. § 3582(c)(1)(A)." As the district court observed, despite the label, Johnson's motion in fact seeks reconsideration of the district court's order denying Johnson's motion for a reduction in sentence under § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (recognizing "the longstanding practice of courts to classify pro se pleadings from prisoners according to their contents, without regard to their caption").

Under 18 U.S.C. § 3582(c)(1)(B), a previously imposed sentence may be modified "to the extent . . . expressly permitted by statute." The First Step Act, in turn, expressly authorizes a district court to impose a reduced sentence for defendants convicted of a "covered offense" as if certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372, were in effect at the time the covered offense was committed. First Step Act, § 404(b), (c), 132 Stat. at 5222. And "the appropriate vehicle for a First Step Act motion" is 18 U.S.C. § 3582(c)(1)(B). *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019).

A defendant's "eligibility depends on the existence of a covered offense," and "[u]nder the [First Step] Act, there is no eligibility requirement beyond the threshold question of whether there is a covered offense." *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020) (internal quotation marks omitted); *see Wirsing*, 943 F.3d at 186 (observing that "[t]here is no indication that Congress intended a complicated and

2

eligibility-limiting determination at the 'covered offense' stage of the analysis"). Even if a defendant is eligible for relief under the First Step Act, "the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *see Wirsing*, 943 F.3d at 180 ("Congress left the decision as to whether to grant a sentence reduction to the district court's discretion.").

In *Gravatt*, this court addressed the question—similarly presented in Johnson's motion under § 404 of the First Step Act—of whether a defendant "was convicted of a 'covered offense' where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine." 953 F.3d at 264. In concluding that defendant met the threshold eligibility requirements of the First Step Act, we observed that "nothing in the text of the [First Step] Act requir[es] that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." *Id.* This court "decline[d] to expand the limitations crafted by Congress," noting that "[i]f Congress intended for the [First Step] Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language." *Id.* Accordingly, we held that "the district court should have reviewed [defendant's] motion on the merits, applying its discretion under Sections 404(b) and (c)." *Id.*

Before we issued our decisions in *Gravatt* and *Wirsing*, Johnson was found ineligible for relief under § 404 of the First Step Act. As the district court acknowledged in resolving the subject motion, *Gravatt* makes clear that Johnson was eligible for relief under § 404 of the First Step Act. However, the court stated that, even if it had the benefit

3

of *Gravatt* and had addressed Johnson's motion under § 404 of the First Step Act on the merits it would not have exercised its discretion to reduce his sentence, because Johnson absconded after pleading guilty, was responsible for multi-kilogram quantities of cocaine and crack, and had a history of violent use of firearms—all reasons grounded in 18 U.S.C. § 3553(a). *See United States v. Chambers*, 956 F.3d 667, 674-75 (4th Cir. 2020) (holding that, when exercising its discretion in the First Step Act § 404(b) context, the district court must consider the § 3553(a) sentencing factors). Furthermore, the court noted that Johnson had already benefited from several sentence reductions. We conclude that the district court acted within its discretion in denying Johnson relief.

Accordingly, we affirm. We deny as moot Johnson's motion to expedite and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*