**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6680

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DONALD STANTON SHEALEY, a/k/a Face, a/k/a Diddy, a/k/a Face Diddy, a/k/a The City, a/k/a Donald Santon Shealey,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:08-cr-00282-FL-2)

Submitted:  January 24, 2023                   Decided:  February 16, 2023

Before KING and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James Wyda, Federal Public Defender, Shari Silver Derrow, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

————————————

PER CURIAM:

Donald Stanton Shealey appeals from the district court's denial of sentencing relief under § 404 of the First Step Act, arguing that the court erred in retaining sentences that exceed the now-applicable statutory maximum. Because our recent decision in *United States v. Reed*, No. 19-7368, 2023 WL 1163109, at *1, *4 (4th Cir. Feb. 1, 2023), confirms that district courts "are not required to reduce any sentence" so long as the court "consider[s] all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact," we affirm the judgment of the district court.

*      *      *

In 2009, a jury found Shealey guilty of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One); distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Six); conspiracy to commit laundering of monetary instruments, in violation of 18 U.S.C. § 1956(h) (Count Seven); and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count Eight). The district court sentenced him to life imprisonment on Count One; 360 months' imprisonment on each of Counts Two through Six; and 240 months' imprisonment on each of Counts Seven and Eight. *See* JA at 355–57.

Shealey later moved for a reduced sentence in the district court. He maintained that his Count One offense was a "covered offense" under the First Step Act, which "defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for

3

which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *See United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). The court denied Shealey's motion and retained each of his existing sentences.

This appeal, however, concerns only the sentences retained on Counts Two through Six. Because of an error unrelated to the First Step Act,[1] if Shealey were sentenced today, the mandatory maximum sentence for each of those counts would be 240 months — a full decade lower than the sentence Shealey received for each count. Shealey thus contends that "[t]he district court exceeded the scope of its authority when it retained illegal sentences on Counts Two through Six." Appellant's Opening Br. at 8. In support of this argument, Shealey relies on *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), where we vacated a sentence that exceeded the applicable statutory range. *See* Appellant's Opening Br. at 5 ("The Court's decision in *Collington* sets forth a simple, straightforward rule: when deciding a Section 404 motion, a district court cannot retain a sentence above the statutory maximum.").[2]

---

[1] At the time of his original sentencing in 2009, the district court applied a sentencing enhancement pursuant to 21 U.S.C. § 851. This enhancement increased the statutory maximum on Counts Two through Six from 240 months to 360 months. Two years later, in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), we held that a criminal defendant's prior conviction is a valid § 851 predicate only if that actual defendant could have received punishment in excess of one year. It is undisputed that the conviction used to support Shealey's enhanced sentences on Counts Two through Six was not *actually* punishable by a term of imprisonment exceeding one year. Accordingly, had Shealey been sentenced post-*Simmons*, the statutory maximum for Counts Two through Six would have been 240 months.

[2] As the Government correctly argues, *Collington* dealt with a covered offense. *See* Appellee's Br. at 20–21. Counts Two through Six, however, are not covered offenses and (Continued)

4

But we recently recognized in *Reed* that this portion of *Collington*'s holding has been abrogated by the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). *Concepcion* clarifies that "the First Step Act does not compel courts to exercise their discretion to reduce *any* sentence." 142 S. Ct. at 2396 (emphasis added). All that is required is that the district court "consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact." *Reed*, 2023 WL 1163109, at *4.

Our review of the record confirms that the district court here has satisfied this obligation. After acknowledging that "Defendant is no longer a career offender and the § 851 enhancement is not applicable," JA at 359 n.2, the court proceeded to conduct a thorough assessment of the 18 U.S.C. § 3553(a) factors. *See* JA at 359. The court considered Shealey's efforts at rehabilitation, his support within the community, and the fact that he had been offered full-time employment upon his release. JA at 360. But in the end, the court determined that Shealey's "current sentence remains necessary to reflect the seriousness of the offense, provide just punishment for the offense, protect the public from further crimes by defendant, and provide both specific and general deterrence to criminal conduct." JA at 361. That is sufficient to satisfy *Concepcion*'s mandate that courts "explain their decisions and demonstrate that they considered the parties' arguments."

---

thus the penalties associated with those offenses were not altered by the Fair Sentencing Act. *See* Appellant's Opening Br. at 8 (conceding that Counts Two through Six are not "'covered' by the First Step Act.").

142 S. Ct. at 2404.  Indeed, Shealey does not argue that the district court's explanation in this regard was deficient.

As in *Reed*, we must reject the argument that the district court erred by refusing to reduce a sentence to at least the now-applicable statutory maximum.  The judgment of the district court is therefore

*AFFIRMED.*