**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7247

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC WILFORD MORRISON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge. (5:07-cr-00050-KDB-DSC-2)

Submitted:  April 21, 2023                          Decided:  May 26, 2023

Before THACKER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Morrison ("Appellant") appeals the district court's denial of his motion for a reduced sentence pursuant to section 404(b) of the First Step Act. The district court held that Appellant was ineligible for relief, but it noted that even if he were eligible, it would not grant relief in any event. We hold that the district court erred in its eligibility determination. And because we cannot glean whether or not the district court properly considered all of the individual considerations relevant to Appellant in its alternative holding, we vacate its order and remand for reconsideration.

## I.

In May 2009, Appellant was convicted by a jury of a single count of conspiracy to possess with intent to distribute cocaine base ("crack") and powder cocaine. The jury found that the offense involved at least 50 grams of crack and at least 5 kilograms of powder cocaine. In addition, the Government filed an information pursuant to 21 U.S.C. § 851, alleging that Appellant had previously been convicted of a felony drug offense, which Appellant admitted. The prior conviction exposed him to enhanced penalties pursuant to 21 U.S.C. § 841(b)(1). *Id.*

The presentence investigation report ("PSR") found that, including all relevant conduct, Appellant's 2009 offense involved 22.91 kilograms of crack and 5.5 kilograms of powder cocaine. Based on the 2009 United States Sentencing Guidelines Manual (the "Guidelines"), which were the Guidelines in effect at the time, Appellant's base offense level was 38 and his criminal history was category IV. Thus, the PSR calculated a Guidelines sentencing range of 324 to 405 months of imprisonment.

2

Appellant was sentenced to a low end of the Guidelines sentence of 324 months of imprisonment on November 10, 2010. In August 2010, though, the Fair Sentencing Act of 2010 had become effective. The Fair Sentencing Act lowered the sentencing disparity between crack and powder cocaine from 100:1 to 18:1 by adjusting the statutory penalties, including raising the amounts of each drug that triggered increased penalties. *See United States v. Wirsing*, 943 F.3d 175, 178–79 (4th Cir. 2019). The Fair Sentencing Act did not apply retroactively, and at the time Appellant was sentenced in November 2010, it was unclear whether it applied to offenders, like Appellant, who committed offenses *before* August 2010 but were not sentenced until *after* August 2010. The Supreme Court did not clarify that the Fair Sentencing Act does, in fact, apply in this circumstance until 2012. *See Dorsey v. United States*, 567 U.S. 260 (2012).

In 2011, while *Dorsey* was pending, Appellant filed a pro se motion (the "2011 motion") in which he sought a reduced sentence pursuant to Amendment 750 to the Guidelines[1] and 18 U.S.C. § 3582(c)(2), which allows for a sentence modification when the Sentencing Commission subsequently lowers the applicable Guidelines range. The 2011 motion was captioned "Motion Pursuant to Title: 18 U.S.C. § 3582(c)(2) New Fair

---

[1] Relevant here, Amendment 750 amended the Guidelines such that "offenses involving 28 grams or more of crack cocaine [were] assigned a base offense level of 26, offenses involving 280 grams or more of crack cocaine [were] assigned a base offense level of 32," in order to align with the statutory changes made by the Fair Sentencing Act. U.S.S.G. App. C. Amend. 750. "[O]ther offense levels [were] established by extrapolating proportionally upward and downward on the Drug Quantity Table." *Id.*

And Sentencing Act of 2010. Amendment 750 Retroactive." J.A. 144.[2] But the Government agrees that "[i]n the body of his motion, [Appellant] asked only for his sentence to be reduced based on the retroactively applicable guideline amendment . . . and did not refer to the Fair Sentencing Act." Response Br. at 4–5. In September 2012, after *Dorsey* issued, Appellant again moved for a sentence reduction, this time based on the Fair Sentencing Act (the "2012 motion"). Without requesting a response from the Government, the district court denied both the 2011 motion and the 2012 motion in a single order after finding that Amendment 750 did not produce a lower Guidelines range for Appellant. The district court did not address Appellant's Fair Sentencing Act arguments.

In 2015, Appellant again requested a sentence reduction, this time pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines. Amendment 782 reduced the Guideline for all controlled substances by two levels. A two-level reduction reduced Appellant's offense level from 38 to 36. A total offense level of 36 and a criminal history category of IV produced a Guidelines range of 262 to 327 months of imprisonment, down from the prior calculation of 324 to 405 months. The district court therefore determined Appellant was eligible for a reduction based on Amendment 782 and reduced his sentence to 262 months of imprisonment.

Finally, in January 2020, Appellant filed a pro se motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018. Section 404 gives retroactive effect

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

to the statutory changes made by Sections 2 and 3 of the Fair Sentencing Act and provides that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [Sections 2 and 3 of the Fair Sentencing Act] were in effect at the time the covered offense was committed." 132 Stat. at 5222. A covered offense is one that was committed before August 3, 2010, and "whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act." *United States v. Reed*, 58 F.4th 816, 818 (4th Cir. 2023) (internal quotation marks omitted) (citation omitted). Important here, a defendant is not eligible for First Step Act relief "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." First Step Act § 404(c), 132 Stat. 5222. Appellant also made a separate motion for compassionate release pursuant to 21 U.S.C. § 3582(c)(1)(A).

In his First Step Act motion, Appellant argued that he satisfied all of the First Step Act's eligibility requirements and urged the district court to reduce his sentence. Appellant pointed out that the Fair Sentencing Act had lowered the statutory minimum sentence from 20 years to life to 10 years to life for an offense involving between 28 grams and 280 grams of crack.[3] He also put forth his erroneous belief that his Guidelines range would be 110 to

---

[3] While this is true, Appellant wrongly argued that this would make his statutory minimum only 10 years. Appellant was convicted of a single count of conspiracy to possess with intent to distribute both crack *and* powder cocaine. He was charged with, and the jury found, that the offense involved more than 5 kilograms of powder cocaine, in addition to 50 grams or more of crack. While the Fair Sentencing Act lowered the penalty for 50 grams of crack to 10 to life, it did not change the statutory minimum for powder cocaine. Based on the amount of powder cocaine attributed to Appellant, the statutory penalty for the single count offense is 15 years to life when, as here, the offense was committed after a prior conviction for a serious drug felony. 21 U.S.C. § 841(b)(1)(A)(ii).

137 months based on the Fair Sentencing Act changes. Appellant asked the court to "order an updated PSR so that [his] sentencing guidelines may be recalculated." J.A. 180. Appellant also appeared to believe he would have a new sentencing hearing because he stated, "[a]t such a hearing, all the relevant statutory sentencing factors under 18 U.S.C. § 3553(a) will be addressed in order to achieve a sentence that his [sic] sufficient but not greater than necessary." *Id.* Appellant then asked the court to find that a sentence of 120 months of imprisonment "is sufficient but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law." *Id.* at 181.

In an order entered on July 16, 2020, the district court denied both Appellant's First Step Act motion and his compassionate release motion. After providing a brief background, the district court denied Appellant's First Step Act motion, reasoning as follows:

> [Appellant] previously moved for a reduction in his sentence under *Dorsey v. United States*, 567 U.S. 260 (2012), to obtain the benefit of the amendments made by the Fair Sentencing Act of 2010. The Court denied [Appellant]'s motion on November 1, 2012, finding that *Dorsey* did not impact his statutory penalties. Thus, because the court has already imposed a sentence in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010, [Appellant] is not eligible to move for relief under the First Step Act of 2018.

J.A. 185 (internal citations omitted). The district court added a footnote that provided an alternative holding:

> Even if [Appellant] was eligible . . . the Court would not reduce his sentence. [Appellant]'s guidelines range and statutory penalties would not change since he was responsible for large

6

quantities of cocaine base *and* powder cocaine, and he already received a reduction under Amendment 782. Considering the Section 3553(a) factors, the Court, in its discretion, finds no reason to vary below the now applicable guidelines range and further reduce [Appellant]'s sentence.

*Id.* (emphasis in original).

Appellant timely noted this appeal.

## II.

This court reviews de novo the scope of the district court's legal authority under the First Step Act. *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). We review for abuse of discretion the district court's decision whether to grant a First Step Act reduction to an eligible defendant. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). Generally, "[a] district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted) (citation omitted). A district court also "abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023).

## III.

### A.

The first issue on appeal is whether the district court erred in holding Appellant ineligible for First Step Act relief pursuant to section 404(c). The Government concedes the error, and rightly so.

7

The "threshold question" for First Step Act relief is whether the defendant was convicted of a "covered offense." *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020). A covered offense is one that was committed before August 3, 2010, and "whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act." *United States v. Reed*, 58 F.4th 816, 818 (4th Cir. 2023) (internal quotation marks omitted) (citation omitted). There is no dispute that Appellant was convicted of a covered offense.

Having determined that there is a covered offense, we must ensure that Appellant is not "excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act." *Gravatt*, 953 F.3d at 262. The only limiting principles the First Step Act provides in section 404(c) are that a district court should not consider a motion for a sentence reduction (1) "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010"; or (2) "if a previous motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits." § 404(c), 132 Stat. at 5222.

The district court believed its *denial* of Appellant's 2012 motion precluded it from granting relief here. But its denial was plainly not an imposition or reduction of Appellant's sentence pursuant to sections 2 and 3 of the Fair Sentencing Act, as required for the section 404(c) limitation to apply. Nor is there any indication in the record that Appellant's original sentence was imposed in accordance with Sections 2 and 3 of the Fair Sentencing Act, given that the Supreme Court did not clarify that it applied to cases like Appellant's until *Dorsey* issued in 2012 -- long after Appellant's 2010 sentence was imposed.

Thus, Appellant is eligible for First Step Act relief, and the district court erred in holding otherwise.

B.

Despite conceding the existence of error, the Government argues that it is harmless because the district court provided an alternative holding. As explained above, the district court's footnoted alternative holding provided the following:

> Even if [Appellant] was eligible . . . the Court would not reduce his sentence. [Appellant]'s guidelines range and statutory penalties would not change since he was responsible for large quantities of cocaine base *and* powder cocaine, and he already received a reduction under Amendment 782. Considering the Section 3553(a) factors, the Court, in its discretion, finds no reason to vary below the now applicable guidelines range and further reduce [Appellant]'s sentence.

J.A. 185. Appellant argues the footnote is procedurally unreasonable. We agree.

In discussing how a district court should decide First Step Act motions, the Supreme Court has explained:

> [D]istrict courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments. It is well established that a district court must generally consider the parties' nonfrivolous arguments before it. Of course, a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation. Nor is a district court required to articulate anything more than a brief statement of reasons. Nothing in the First Step Act contravenes those background principles.
>
> When it comes to that reasoned explanation, the First Step Act leaves much to the judge's own professional judgment. The First Step Act does not require courts to expressly rebut each argument made by the parties. In exercising its discretion, the

9

court is free to agree or disagree with any of the policy arguments raised before it. All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments.

*Concepcion v. United States*, -- U.S. --, 142 S. Ct. 2389, 2404 (2022) (alterations adopted) (internal quotation marks and citations omitted).  In other words, "[a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Id.* at 2405.

Our cases following *Concepcion* have explained, "[i]n resolving a motion under the First Step Act, a district court's discretion is broad and its burden light." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023) (citing *Concepcion*, 142 S. Ct. at 2404). Nevertheless, a district court "must still 'sentence the whole person before [it],' 'explain [its] decisions,' and 'demonstrate that [it] considered the parties' arguments.'" *Id.*  Thus, "to be procedurally reasonable, a district court must 'consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision.'" *Troy*, 64 F.4th at 185 (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021)).

Important here, the district court's decision issued on July 15, 2020. This court did not set the procedural reasonableness standard outlined in *Collington* until April 2021, and the Supreme Court's decision in *Concepcion* did not issue until June 27, 2022.  And in just the last year, this court has further clarified the nuances of the analysis district courts must

10

undertake in deciding First Step Act motions. *See Troy*, 64 F.4th 177; *see also Reed*, 58 F.4th 816.

While the district court's alternative holding is brief, it did appear to consider Appellant's Guidelines and statutory sentencing range arguments. And it said it "[c]onsider[ed] the Section 3553(a) factors." J.A. 185. Though its burden is light, the alternative analysis nonetheless fails to satisfy us that the district court "sentence[d] the whole person before [it]," *Concepcion*, 142 S. Ct. at 2398, by "giv[ing] individual consideration to the defendant's characteristics in light of the § 3553(a) factors" and "determin[ing]—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain[ing] that decision." *Troy*, 64 F.4th 177 (quoting *Collington*, 995 F.3d at 360) (internal quotation marks omitted).

As in other cases in similar postures, "our decision should not be viewed as criticism of the district court." *Reed*, 58 F.4th at 824. When it issued its opinion, the district court did not have the guidance of *Collington* or *Concepcion*, nor did it have the benefit of our more recent precedent. And because the district court did not know what analysis it was required to conduct, we cannot be sure that it conducted it properly. Therefore, we must vacate and remand for the district court to reconsider Appellant's motion in light of more recent case law.

## IV.

The district court's denial of Appellant's First Step Act motion is

*VACATED AND REMANDED*.

11